IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

NO. 5:18-CV-512-FL

| | | |
|---|---|---|
| JONATHAN ROGERS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | ORDER |
| | ) | |
| KINGS BOWL AMERICA, LLC, | ) | |
| | ) | |
| Defendants.[1] | ) | |

This matter is before the court on defendant's motion to dismiss for failure to state a claim upon which relief can be granted, pursuant to Federal Rules of Civil Procedure 12(b)(6). (DE 19). Pursuant to Federal Rule of Civil Procedure 12(h)(3), the court also considers whether it lacks subject matter jurisdiction under Federal Rule of Civil Procedure 12(b)(1). The issues raised have been fully briefed, and in this posture are ripe for ruling. For the reasons noted, the court dismisses this case for lack of subject matter jurisdiction, and in the alternative grants defendant's motion.

**STATEMENT OF THE CASE**

Plaintiff, proceeding pro se, initiated this action on October 29, 2018. Plaintiff asserts claims for disability discrimination and retaliation in violation of the Americans with Disabilities Act, as amended ("ADA"), 42 U.S.C. § 12111 et seq.. On frivolity review, the court allowed plaintiff's claims as to defendant Kings Bowl America, LLC ("Kings Bowl") to proceed, but dismissed defendants Delima and Sheridan from this action pursuant to 28 U.S.C. § 1915(e). On April 11,

---
[1] The court amends the case caption to reflect its prior dismissal of Hailey Delima ("Delima") and Bill Sheridan ("Sheridan") from this action.

2019, defendant Kings Bowl filed the instant motion to dismiss.

## STATEMENT OF THE FACTS

Plaintiff worked as an employee for defendant Kings Bowl. (Compl. at 4). At that time, Delima was serving as general manager of defendant Kings Bowl in Raleigh, North Carolina. (Id.). Plaintiff requested a reasonable accommodation for an unspecified disability. (Id.). Plaintiff's request was denied. (Id.). Thereafter, Delima allegedly harassed, bullied, and discriminated against plaintiff. (Id.). Plaintiff reported the incidents to Sheridan, and was subsequently fired. (Id.).

## DISCUSSION

A.  Standard of Review

A motion to dismiss under Rule 12(b)(1) challenges the court's subject matter jurisdiction. Such motion may either 1) assert the complaint fails to state facts upon which subject matter jurisdiction may be based, or 2) attack the existence of subject matter jurisdiction in fact, apart from the complaint. Adams v. Bain, 697 F.2d 1213, 1219 (4th Cir. 1982). Where, as here, the court addresses a factual predicate of subject matter jurisdiction, it "is to regard the pleadings' allegations as mere evidence on the issue, and may consider evidence outside the pleadings without converting the proceeding to one for summary judgment." Richmond, Fredericksburg & Potomac R. Co. v. United States, 945 F.2d 765, 768 (4th Cir. 1991). The plaintiff in such case "must set forth specific facts beyond the pleadings to show that a genuine issue of material fact exists." Id.

"To survive a motion to dismiss" under Rule 12(b)(6), "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 663 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). "Factual allegations must be enough to raise a right to relief above the speculative level." Twombly,

2

550 U.S. at 555. In evaluating whether a claim is stated, "[the] court accepts all well-pled facts as true and construes these facts in the light most favorable to the plaintiff," but does not consider "legal conclusions, elements of a cause of action, . . . bare assertions devoid of further factual enhancement[,] . . . unwarranted inferences, unreasonable conclusions, or arguments." Nemet Chevrolet, Ltd. v. Consumeraffairs.com, Inc., 591 F.3d 250, 255 (4th Cir. 2009) (citations omitted).

B.   Analysis

   1.   Failure to Exhaust Administrative Remedies

Before a plaintiff can file a lawsuit in federal court alleging discrimination or retaliation under the ADA, he must first timely exhaust his administrative remedies by filing a charge of discrimination with the EEOC. 42 U.S.C. §§ 2000e–5(b), (f)(1), 12117(a); Sydnor v. Fairfax Cty., Va., 681 F.3d 591, 593 (4th Cir. 2012); Chacko v. Patuxent Inst., 429 F.3d 505, 508 (4th Cir. 2005). "Only those discrimination claims stated in the initial charge, those reasonably related to the original complaint, and those developed by reasonable investigation of the original complaint may be maintained in a subsequent [ADA] lawsuit." Evans v. Techs. Applications & Serv. Co., 80 F.3d 954, 963 (4th Cir. 1996). "[A] failure by the plaintiff to exhaust administrative remedies concerning a[n] [ADA] claim deprives the federal courts of subject matter jurisdiction over the claim." Jones v. Calvert Grp., Ltd., 551 F.3d 297, 300 (4th Cir. 2009).

Plaintiff does not allege that he timely filed any charge of discrimination with the EEOC alleging violation of his rights under the ADA. Accordingly, the court must dismiss plaintiff's claims without prejudice for lack of subject matter jurisdiction. Where plaintiff's complaint has additional deficiencies that may be corrected through amended pleading, the court alternatively addresses the merits of defendant's motion as well.

3

2. ADA Discrimination

The ADA makes it unlawful to "discriminate against a qualified individual on the basis of disability in regard to job application procedures, the hiring, advancement, or discharge of employees, employee compensation, job training, and other terms, conditions, and privileges of employment." 42 U.S.C. § 12112(a). To establish a prima facie case of wrongful discharge under the ADA, plaintiff must show "(1) he is within the ADA's protected class; (2) he was discharged; (3) at the time of his discharge, he was performing the job at a level that met his employer's legitimate expectations; and (4) his discharge occurred under circumstances that raise a reasonable inference of unlawful discrimination." Haulbrook v. Michelin N. Am., 252 F.3d 696, 702 (4th Cir. 2001).

To "discriminate against a qualified individual on the basis of disability" also includes "not making reasonable accommodations to the known physical or mental limitations of an otherwise qualified individual with a disability who is an applicant or employee." 42 U.S.C. § 12112(b)(5)(A). To state a claim for failure to accommodate under the ADA, plaintiff must allege "(1) that he was an individual who had a disability within the meaning of the statute; (2) that the [employer] had notice of his disability; (3) that with reasonable accommodation he could perform the essential functions of the position . . . ; and (4) that the [employer] refused to make such accommodations." Wilson v. Dollar Gen. Corp., 717 F.3d 337, 344–45 (4th Cir. 2013) (internal citations and quotations omitted).

To state a hostile work environment claim, plaintiff must allege "(1) he is a qualified individual with a disability; (2) he was subjected to unwelcome harassment; (3) the harassment was based on his disability; (4) the harassment was sufficiently severe or pervasive to alter a term,

4

condition, or privilege of employment; and (5) some factual basis exists to impute liability for the harassment to the employer." Fox v. Gen. Motors Corp., 247 F.3d 169, 177 (4th Cir. 2001).

"Under the ADA, a 'disability' may take any of the following forms: (1) 'a physical or mental impairment that substantially limits one or more major life activities' (the 'actual-disability' prong); (2) 'a record of such an impairment' (the 'record-of' prong); or (3) 'being regarded as having such an impairment' (the 'regarded-as' prong). Summers v. Altarum Inst., Corp., 740 F.3d 325, 328 (4th Cir. 2014) (quoting 42 U.S.C. § 12102(1)).

Plaintiff merely asserts the legal conclusion that he is disabled. (See Compl. at 4). He does not identify his physical or mental impairment, let alone allege that it substantially limits a major life activity. He does not allege any facts from which the court may reasonably infer that he had a record of disability or that his employer regarded him as having a disability. He does not allege his job performance met defendant's legitimate expectations, or that he could perform the essential functions of his job with reasonable accommodation.[2] Although he alleges that he was harassed, bullied, and discriminated against, (compl. at 4), he does not allege any well-pleaded facts that plausibly show Delima's conduct was severe or pervasive. For these reasons, plaintiff fails to state claims for wrongful discharge, hostile work environment, and failure to accommodate under the ADA.

    3.    ADA Retaliation

The ADA provides "[n]o person shall discriminate against any individual because such individual has opposed any act or practice made unlawful by this chapter or because such individual made a charge, testified, assisted, or participated in any manner in an investigation, proceeding, or

---

[2] Plaintiff does not even allege what his job was. (See Compl. at 4).

hearing under this chapter." 42 U.S.C. § 12203(a). Absent direct evidence of retaliation, "to establish a prima facie case of retaliation, a plaintiff must show that: (1) []he engaged in a protected activity; (2) [his] employer acted adversely against [him]; and (3) [his] protected activity was causally connected to [his] employer's adverse action." Rhoads v. F.D.I.C., 257 F.3d 373, 392 (4th Cir. 2001).

"Under the applicable legal principles, in the context of a retaliation claim, a 'protected activity' may fall into two categories, opposition and participation." E.E.O.C. v. Navy Fed. Credit Union, 424 F.3d 397, 406 (4th Cir. 2005). The Fourth Circuit has "articulated an expansive view of what constitutes oppositional conduct." DeMasters v. Carilion Clinic, 796 F.3d 409, 417 (4th Cir. 2015). As a result, "an employee is protected when [he] opposes not only . . . employment actions actually unlawful under [the ADA] but also employment actions she reasonably believes to be unlawful." Id. (internal quotation marks omitted).[3] In determining whether an employee's actions constitute protected opposition activity, "the touchstone is whether the plaintiff's course of conduct as a whole (1) communicates to her employer a belief that the employer has engaged in . . . a form of employment discrimination, and (2) concerns subject matter that is actually unlawful under [the ADA] or that the employee reasonably believes to be unlawful." DeMasters, 796 F.3d at 418 (internal quotations omitted).

Plaintiff reported "these incidents" to Sheridan, referring to Delima's alleged harassment, bullying, and discrimination. (Compl. at 4). Plaintiff alleges that when "these incidents" were reported, he was fired. (Id.). Plaintiff does not allege what "these incidents" are, or that he

---

[3] "Because the ADA echoes and expressly refers to Title VII, and because the two statutes have the same purpose—the prohibition of illegal discrimination in employment—courts have routinely used Title VII precedent in ADA cases." Fox, 247 F.3d at 176.

6

communicated to Sheridan that he believed "these incidents" constituted disability discrimination. Even liberally construed, plaintiff's assertions fail to state a claim for retaliation. See Nemet Chevrolet, 591 F.3d at 255 ("[B]are assertions devoid of further factual enhancement fail to constitute well-pled facts for Rule 12(b)(6) purposes.").

Plaintiff cites various cases from the United States Court of Appeals for the Ninth Circuit, asserting that he has put the defendant on notice of his putative claims, and therefore he should be allowed to present evidence. (Pl. Resp. (DE 23) at 1–2). The cases plaintiff relies upon are unpersuasive. Under the precedent set by the United States Supreme Court in Twombly and Iqbal, plaintiff must plausibly state his claims, accepting only well pleaded allegations as true and drawing all reasonable inferences in favor of plaintiff. Plaintiff has failed so to do.

## CONCLUSION

Based on the foregoing, defendant's motion to dismiss (DE 19) is GRANTED. Plaintiff's complaint is DISMISSED WITHOUT PREJUDICE for lack of subject matter jurisdiction and in the alternative for failure to state a claim upon which relief can be granted. Within 21 days, plaintiff is ALLOWED to file motion to amend his complaint, together with proposed amended complaint, correcting the deficiencies noted in the court's order. Should plaintiff fail so to file, the clerk is DIRECTED to enter final judgment closing this case based upon the decision herein.

SO ORDERED, this the 18th day of July, 2019.

*[signature]*
LOUISE W. FLANAGAN
United States District Judge